JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Pooja Jadhav
100 Marion Drive
Plainsboro, NJ 08536

**(b)** County of Residence of First Listed Plaintiff    Middlesex County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

## DEFENDANTS
Bank of America Merrill Lynch
1100 American Boulevard
Pennington, NJ 08534

County of Residence of First Listed Defendant    Mercer County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question
    *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 2000e-2(a)
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 1/26/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**(TRENTON VICINAGE)**

| | | |
|---|---|---|
| POOJA JADHAV<br>100 Marion Drive<br>Plainsboro, NJ 08536 | : | |
| | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| BANK OF AMERICA MERRILL LYNCH<br>1100 American Boulevard<br>Pennington, NJ 08534 | : | |
| | : | |
| And | : | |
| | : | |
| BANK OF AMERICA MERRILL LYNCH<br>100 North Tryon Street<br>Charlotte, NC 28255 | : | |
| | : | |
| Defendant | : | |

## CIVIL ACTION COMPLAINT

**I.  Parties and Reasons for Jurisdiction.**

1.     Plaintiff, POOJA JADHAV (hereinafter "PLAINTIFF" or "MS. JADHAV") is an adult individual residing at the above address.

2.     Defendant, BANK OF AMERICA MERRILL LYNCH ("DEFENDANT" or "BANK OF AMERICA") is a corporation organized and existing under the laws of the State of Delaware, with a corporate headquarters at the above captioned North Carolina address.  At all times material hereto, Bank of America was Ms. Jadhav's employer.

3.     At all times material hereto, Defendant qualifies as Plaintiff's employer pursuant to the Title VII of the Civil Rights Act, the Pregnancy Discrimination Act, the Family and Medical Leave Act ("FMLA") and the New Jersey Law Against Discrimination ("NJLAD").

4.      Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act.  (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission.)

5.      This action is instituted pursuant to Title VII of the Civil Rights Act, the Pregnancy Discrimination Act, the Family and Medical Leave Act ("FMLA") and the New Jersey Law Against Discrimination ("NJLAD") and applicable federal and state law.

6.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7.      Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

8.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendants in Pennington, New Jersey at the time of the illegal actions by Defendants as set forth herein.

**II.  Operative Facts.**

9.      Plaintiff, Pooja Jadhav was employed by Defendant Bank of America Merrill Lynch in Pennington New Jersey as a Technical Release Manager beginning in or around June of 2015.

10.     In or around May of 2016, Ms. Jadhav was in the first trimester of pregnancy and was experiencing dizziness and morning sickness.

11.     Plaintiff contacted her immediate supervisor, Johanna Cordisco, requesting the ability to work from home for the first few hours of each day until she felt well enough to drive

into work without experiencing frequent dizziness and nausea, at which time she would come into the office and finish her shift.

12.     Ms. Cordisco responded that Plaintiff would not be allowed to work from home, and stated if she could not come in as scheduled, she would need to utilize her paid time off hours instead.

13.     Ms. Jadhav materially complied with Defendant's instructions.

14.     Additionally, Plaintiff was asked to stay late or come in early to cover any time she needed to take off for doctor's visits.

15.     Plaintiff continued to work to her usual standard for Defendant with no issues or problems.

16.     On August 15, 2016, Defendant asked Plaintiff to take over an emergency issue that her co-worker, Aman Kaur, had refused to handle.

17.     Upon completion of this emergency, Plaintiff received praise for her work from Mike Desloges, Defendant's manager and Ms. Cordisco's supervisor.

18.     Ms. Kaur became upset with the praise that was afforded to Plaintiff, and began to make derogatory statements toward Plaintiff with regard to her pregnancy.

19.     Ms. Kaur stated that Plaintiff was "having meltdowns due to her pregnancy" and that Plaintiff's "pregnancy hormones were out of control and that [Ms. Jadhav] was becoming overwhelmed."

20.     Plaintiff did not engage with Ms. Kaur, but reported the tirades to Mr. Desloges and Ms. Cordisco.

21.     Neither of Defendant's managers took any action to curb or address Ms. Kaur's behavior.

22.     On September 7, 2016, Plaintiff was approached by Ms. Cordisco, who stated she was happy with Plaintiff's performance and stated they would like her to join Defendant full time when she returned from her maternity leave.

23.     On September 8, 2016, Ms. Jadhav, who was now in her third trimester, told  Mr. Desloges that she was beginning to have difficulty fitting her pregnant body into the driver's seat of her car, and requested a reasonable accommodation of working from home approximately two (2) days a week.

24.     Mr. Desloges denied Ms. Jadhav's request. Further, he stated that would "leave her seat vacant" for two days a week, and he would prefer to have an employee "who can come in all five days."

25.     On September 9, 2016, Ms. Cordisco contacted Plaintiff's placement agency and stated Ms. Jadhav was "no longer needed" because the project she had been working on had been terminated.

26.     Prior to her requesting an accommodation due to her pregnancy, Ms. Jadhav had work assigned to her up through November of 2016, until she was to begin her scheduled maternity leave.

27.     At no time did Defendant participate in the interactive process towards the development of an accommodation for Plaintiff's pregnancy, instead electing to terminate her employment.

28.     At all times material, Defendant was hostile to Plaintiff's pregnant condition, and terminated her because of that animus.

29.     By not permitting Plaintiff to return to work, instead terminating her, Defendant violated the Family and Medical Leave Act.

30.     As a direct and proximate result of Defendant's conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of medical benefits at a crucial time, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III.  Causes of Action.**

**COUNT I – EMPLOYMENT DISCRIMINATION**
**(42 U.S.C.A. § 2000e-2(a))**

31.     Plaintiff incorporates paragraphs 1-30 as if fully set forth at length herein.

32.     Defendants took adverse action against Plaintiff by refusing her request for a reasonable accommodation for her pregnancy and terminating her employment.

33.     Plaintiff's status as a pregnant woman places her in a protected class.

34.     Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to terminate her employment.

35.     As such, Defendant's aforementioned conduct is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

36.     As a proximate result of Defendant's conduct, Plaintiff sustained substantial damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of earning power and capacity and a claim is made therefore.

37.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

38.     Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq, Plaintiff demands attorneys fees and court costs.

### COUNT II—PREGNANCY DISCRIMINATION ACT
### (42 U.S.C.A. § 2000(e)(k) et seq)

39.     Plaintiff incorporates paragraphs 1-38 as if fully set forth at length herein.

40.     At all times material hereto, and pursuant to the Pregnancy Discrimination Act an employer may not discriminate against an employee on the basis of pregnancy, childbirth or other medical conditions arising from pregnancy.

41.     At all times material hereto, Plaintiff was pregnant and subject to Defendant's aforementioned adverse actions, as described above.

42.     Defendant's conduct in failing to accommodate her pregnancy and terminating Plaintiff was taken as a result of her pregnancy and, as such, constitutes a violation of the Pregnancy Discrimination Act, 42 U.S.C. §2000(e)(k), et seq.

43.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

44.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

45.     Pursuant to the Pregnancy Discrimination Act, Plaintiff demands attorneys fees and court costs.

## COUNT III – VIOLATION OF FMLA--INTERFERENCE
### (29 U.S.C. §2601 et seq.)

46.     Plaintiff incorporates paragraphs 1-45 as if fully set forth at length herein.

47.     At all times material hereto, and pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq,, Defendant employed Ms. Jadhav.

48.     At all times, Defendant employed more than fifty (50) employees.

49.     As set forth above, based upon her pregnancy, the time period in which she was employed by Defendant and the amount of hours Plaintiff worked the previous calendar year prior to her pregnancy leave, Plaintiff was entitled to FMLA leave.

50.     As set forth above, Defendant failed to provide particularized notice to Plaintiff advising her of her rights to FMLA benefits.

51.     Defendant failed to allow Ms. Jadhav to make informed decisions about leave and to plan her pregnancy absence in a way to ensure protection under FMLA.

52.     As a proximate result of Defendant's conduct, Plaintiff sustained substantial damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

53.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

54.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

## COUNT IV – VIOLATION OF FMLA—RETALIATION
## (29 U.S.C. §2601 et seq.)

55.     Plaintiff incorporates paragraphs 1-54 as if fully set forth at length herein.

56.     As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

57.     Instead of reinstating Plaintiff to her former position upon completion of FMLA leave, Defendant terminated Ms. Jadhav's employment, an adverse action.

58.     Defendant's termination of Plaintiff's employment was motivated (among other discriminatory reasons) by her impending need for FMLA leave.

59.     As a proximate result of Defendant's conduct, Plaintiff sustained substantial damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

60.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

61.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

## COUNT V – NEW JERSEY LAW AGAINST DISCRIMINATION

62.     Plaintiff incorporates paragraphs 1-61 as if fully set forth at length herein.

63.     At all times material hereto, and pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12, an employer may not discriminate against an employee based on pregnancy, child birth or complications arising there from.

64.     Plaintiff is a qualified employee and person within the definition of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

65.     Defendant is an "employer" and thereby subject to the strictures of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

66.     Defendant's conduct in compelling Plaintiff's unpaid medical leave and terminating Plaintiff is an adverse action, was taken as a result of her pregnancy and constitutes a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

67.     As a proximate result of Defendant's conduct, Plaintiff sustained substantial damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

68.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

69.     Pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-, et seq, Plaintiff demands attorneys fees and court costs.

**IV.  Relief Requested.**

**WHEREFORE,** Plaintiff, Pooja Jadhav demands judgment in her favor and against Defendant, Bank of America Merrill Lynch in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.   Punitive damages;

C.   Attorneys fees and costs of suit;

D.   Interest, delay damages; and,

E.   Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19110

Date: 1/26/18

Attorney for Plaintiff, Pooja Jadhav

# EXH. A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Pooja Jadhav<br>101 Marion Drive<br>Plainsboro, NJ 08536 | From: | Newark Area Office<br>283-299 Market Street<br>Two Gateway Center, Suite 1703<br>Newark, NJ 07102 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | | EEOC Representative | Telephone No. |
| 524-2017-00509 | | Rayba Watson,<br>Enforcement Supervisor | (973) 645-6021 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_John Waldinger_ bt

John Waldinger,
**Area Office Director**

NOV 0 1 2017

(Date Mailed)

Enclosures(s)

cc:
**Emily Bordens
Associate
Bressler, Amery & Ross, P.C.
325 Columbia Turnpike
Florham Park, NJ 07932**

**Graham F. Baird
LAW OFFICES OF ERIC A. SHORE
2 Penn Center, Ste. 1240
1500 John F. Kennedy Blv.d- P.O. Box 58519
Philadelphia, PA 19102**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit *before 7/1/10 – not 12/1/10* -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.